# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS ROZDILSKY,<br><br>    Plaintiff,<br><br> - vs -<br><br>LIQUIDITY SERVICES, INC.,<br><br>    Defendant. | Civil Action No.:<br>TDC-22-3355 |
| LIQUIDITY SERVICES, INC.,<br><br>    Plaintiff,<br><br> - vs -<br><br>NICHOLAS ROZDILSKY,<br><br>    Defendant. | Civil Action No.:<br>TDC-23-1653 |

## PLAINTIFF ROZDILSKY'S MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY

In accordance with Local Rule 104.8 and Rule 37(a) of the Federal Rules of Civil Procedure, Plaintiff Nicholas Rozdilsky submits his memorandum in support of his motion to compel discovery responses from Liquidity Services, Inc. (LSI) in both Case No. TDC-22-3355 and Case No. TDC-23-1653. For the reasons set forth below, Plaintiff Rozdilsky requests the Court to order LSI to provide full responses to Interrogatory Nos. 5 and 7 and Requests for Production of Documents Nos. 4, 10, 15, 16, 17, 20, 22, 23. Moreover, Rozdilsky requests that the Court impose an appropriate sanction on LSI, including but not limited to, Rozdilsky's reasonable attorney's fees and costs related to this discovery dispute.

# RELEVANT BACKGROUND

These consolidated cases involve Rozdilsky's claims of employment discrimination and retaliation against LSI (Case No. TDC-22-3355), and LSI's claims under the Defend Trade Secrets Act (DTSA), and related causes of action, as well as Rozdilsky's Counterclaim against LSI for retaliation (Case No. TDC-23-1653).

Plaintiff Rozdilsky sent LSI his first set of interrogatories and requests for production on May 8, 2024. *See* Ex. 1. After receiving no timely responses to the discovery requests, Counsel for Rozdilsky contacted Counsel for LSI on June 17 to receive an update. At that time, Counsel for LSI asserted that he had not received the May 8 discovery requests[1] and Counsel for Rozdilsky resent the discovery requests to Counsel for LSI on June 18. *See* Ex. 2.[2] Counsel for LSI does not dispute he received the discovery at least by June 18.

Counsel for both parties had a telephone call on June 18 in which Counsel for LSI committed that LSI would serve its interrogatory responses by June 28. *See* Ex. 4. Moreover, Counsel for LSI represented that LSI would begin a rolling production of documents responsive to the Requests for Production of Documents as soon as possible and complete the production no later than July 9. *See id.*

---

[1] Counsel for LSI says that he did not receive Rozdilsky's May 8 discovery requests. However, the discovery requests were emailed to Counsel for LSI on May 8, 2024 at 4:24pm and there is no indication, such as a "bounce back" error message, that the email with the discovery requests was not received. *See* Ex. 1. Moreover, Counsel for both parties have exchanged voluminous emails on various topics with no other reported problems. Indeed, Counsel for both parties continued to exchange emails on the same email chain that began with the May 8, 2024 discovery request email. *See, e.g.,* Ex. 3.

[2] Counsel for Rozdilsky sent LSI the discovery requests by email and inadvertently did not also send them via U.S. Mail. As noted above, however, no dispute exists that LSI received the discovery requests by June 18.

On June 28 LSI sent its interrogatory responses and, as set forth below, the responses to Interrogatory Nos. 5 and 7 are deficient.

By July 9, LSI had yet to provide Rozdilsky with any documents responsive to his requests for production of documents. Thus, on July 10, Counsel for Rozdilsky again contacted LSI's counsel to address LSI's delinquent discovery responses. Ex. 5. In an attempt to resolve the issue short of involving the Court, Counsel for Rozdilsky offered to have LSI provide the documents by July 12. Otherwise, Counsel for Rozdilsky notified Counsel for LSI that he would file a motion to compel.

LSI then responded and, at Rozdilsky's request, counsel for the parties conducted a Conference of Counsel (per Local Rule 104.7) on July 17, 2024. Following the July 17 Conference of Counsel, LSI amended its discovery responses to Rozdilsky's Requests for Production of Documents Nos. 7, 11, and 12, which now state that the company will produce responsive, non-privileged documents to these requests. Moreover, LSI agreed to update its response to Interrogatory No. 9 by specifying the bates numbers of the documents it asserts contain trade secret information.

For his part, Rozdilsky agreed to narrow his Request for Production No. 9 as follows:

From January 1, 2018 to December 31, 2021, all documents concerning discussion among LSI executives, including but not limited to Julie Davis, and/or board members with or about Blackrock related to the diversity of LSI's employees, executives, and/or board members.

Further, Rozdilsky agreed to narrow Interrogatory No. 4 as follows:

Describe each instance (with a specific or approximate date if known) in which anyone in a supervisory role to Plaintiff provided a memorandum or other written communication to Plaintiff and/or a LSI Human Resources representative which was critical of Plaintiff's job performance and/or conduct as an employee of LSI. For each instance in which Plaintiff was formally counseled about his performance and/or conduct, please identify any documents referring to or describing the counseling or discipline.

3

*See* Ex. 7.

On July 22, LSI produced its first set of documents, consisting of approximately 80 pages related to his personnel file. Counsel for LSI indicated that he would provide an update on when ESI responses would be provided but has provided a date by which it would produce ESI and/or other responsive documents and information.

Also on July 22, Counsel for Rozdilsky again contacted LSI's Counsel about the status of the deficient discovery requests and relayed his understanding that LSI continues to assert objections to and refuses to produce responsive information and/or documents for Request for Production Nos. 4, 10, 15, 16, 17, 20, 22, 23; and Interrogatory Nos. 5 and 7. *See* Ex. 7. LSI did not respond to this July 22 letter.[3]

## DISPUTED DISCOVERY RESPONSES BY LSI

LSI has failed to provide sufficient discovery responses to Interrogatory Nos. 5 and 7, as well as Request for Production Nos. 4, 10, 15, 16, 17, 20, 22, 23. These discovery requests, LSI's responses, and the reasons why the responses are deficient are set forth below:

Interrogatory No. 5:   If you contend that Anthony Long possessed any qualification, credential, or type of experience that made him better suited than Plaintiff to be the senior executive overseeing the Marketing function for LSI, fully describe all facts supporting this contention.

    *LSI's response*:    LSI objects to this request on the basis that it seeks

---

[3]  Finally, LSI's overdue responses regarding Rozdilsky's discovery requests are not a one-time issue. For example, the deadline for LSI to file its Answer to Rozdilsky's Counterclaim in Case No. TDC-23-1653 was approximately May 17, 2024. LSI failed to timely file its Answer to Rozdilsky's Counterclaim. In an effort to resolve this issue short of Court intervention and out of professional courtesy, Counsel for Rozdilsky contacted LSI's Counsel on May 21, 2024 to determine the status of LSI's Answer. During a May 23 telephone call, LSI's Counsel committed that LSI would file its Answer to Rozdilsky's Counterclaim by early in the week of May 27 and Rozdilsky's Counsel agreed to hold off on seeking Court intervention if LSI did so. However, LSI failed to file its Answer to Rozdilsky's Counterclaim until June 4, nearly a week later than it had agreed (and approximately 3 weeks after the applicable deadline) and only after additional prompting by Counsel for Rozdilsky. *See* Ex. 6.

information that is not relevant to any of the claims or defenses in this suit. Mr. Long did not replace Mr. Rozdilsky.

**Deficiencies with LSI's response to Interrogatory No. 5**: A central element in Rozdilsky's discrimination and retaliation claims against LSI is that the company fired him and replaced him with a less qualified and less experienced Black, younger employee, Anthony Long, to appease the wishes of its largest institutional investor, Blackrock. *See* Am. Compl. TDC-22-3355 (ECF No. 6 at pp. 1, 3-8). While LSI may argue that Long did not replace Rozdilsky, it is not credible for LSI to claim the requested information is "not relevant to any of the claims or defenses in this suit." LSI cannot simply refuse to provide discoverable information related to this contested element of Rozdilsky's claim. As such, LSI should be compelled to provide responsive information to Interrogatory No. 5.

Interrogatory No. 7:   Identify each person who played any role in the decision to file this [DTSA] lawsuit against Defendant, fully describing their role in the decision and summarizing the substance of each person's advice, comments, recommendation, or decision. This includes, but is not limited to, all decision-makers, advisors, board members, counselors, factual investigators, human resource officials, legal counsel, and any other person who provided information, advice, input, recommendation(s), or assistance in making this decision. (Alteration added).

> *LSI's response:*   LSI objects to this request on the basis it seeks information protected by the attorney-client privilege or work product doctrines.

**Deficiencies with LSI's response to Interrogatory No. 7:** This interrogatory seeks information related to LSI's decision to file its DTSA lawsuit against Rozdilsky, which is directly relevant to his Counterclaim against LSI in which he asserts that LSI filed the DTSA lawsuit against him because of his protected activities protesting the company's discrimination. *See* DTSA Answer/Counterclaim TDC-23-1653 (ECF No. 44 at pp. 12-18). To the extent LSI claims that certain responsive information is protected by a privilege, it should delineate why this information is protected and provide a privilege log. *See, e.g.,* Rule 26(b)(5). Simply because

5

some responsive information may be privileged, however, does not relieve LSI of its obligation to provide responsive non-privileged information. *See id.* Indeed, in LSI's Answer to Rozdilsky's Counterclaims, LSI admits that its DTSA lawsuit "was filed with the knowledge and agreement of LSI's executive team." ECF. No. 50 at p. 3. Accordingly, LSI should be compelled to provide all non-privileged information responsive to Interrogatory No. 7.

Request for Production No. 4:     All documents contained within any personnel file or any unofficial file maintained by a member of management or Human Resources concerning Anthony Long.

> *LSI's response*:     LSI objects to this request on the basis that it seeks information that is not relevant to any of the claims or defenses in this suit. LSI is not producing any documents in response to this request.

**Deficiencies with LSI's response to Request for Production No. 4**: A central element in Rozdilsky's discrimination and retaliation claims against LSI is that the company fired him and replaced him with a less qualified and less experienced Black, younger employee, Anthony Long, to appease the wishes of its largest institutional investor, Blackrock. *See* Am. Compl. TDC-22-3355 (ECF No. 6 at pp. 1, 3-8). Request for Production No. 4 seeks documents related to Anthony Long's job performance, experience, and qualifications, which are discoverable information related to Rozdilsky's claim that LSI replaced him with a less qualified and less experienced employee due to his race and/or age. While LSI may argue that Long did not replace Rozdilsky, it defies reason for LSI to claim this information is "not relevant to any of the claims or defenses in this suit." LSI cannot simply refuse to provide discoverable information related to this contested element of Rozdilsky's claim. As such, LSI should be compelled to provide responsive information to Request for Production No. 4.

Request for Production No. 10:     From January 1, 2018 to the present, all documents concerning discussion among LSI executives, including but not limited to Julie Davis, and/or board members about diversity, equity, and inclusion ("DEI") and/or Environmental, Social, and

Governance (ESG). This includes but is not limited to documents and communications related to the diversity of LSI's employees, executives, and/or board members.

> *LSI's response*: LSI objects to this request on the basis that it seeks information that is not relevant to any of the claims or defenses in this suit. LSI is not producing any documents in response to this request.

**Deficiencies with LSI's response to Requestion for Production No. 10**: In Rozdilsky's discrimination and retaliation claims against LSI, he alleges that the company made employment decisions based on race and/or age. More specifically, Rozdilsky contends that LSI believed that it needed to reduce the number of white, older employees among its senior employees and/or board members. *See* Am. Compl. TDC-22-3355 (ECF No. 6 at pp. 1, 4-7). Due to this concern about diversity, LSI terminated the employment of Rozdilsky and his former colleague, Michael Lutz. Thus, discussion among LSI executives and/or board members about the diversity of LSI's workforce and/or Board is relevant to Rozdilsky's claims and LSI should be compelled to produce this information.

Request for Production No. 15: All documents concerning LSI's policies and procedures related to promotion of employees to a Senior Director, or higher level, position.

> *LSI's response*: LSI objects to this request on the basis that it seeks information that is not relevant to any of the claims or defenses in this suit. LSI is not producing any documents in response to this request.

**Deficiencies with LSI's response to Requestion for Production No. 15:** A central element in Rozdilsky's discrimination and retaliation claims against LSI is that the company fired him and replaced him with a less qualified and less experienced Black, younger employee, Anthony Long, to appease the wishes of its largest institutional investor, Blackrock. *See* Am. Compl. TDC-22-3355 (ECF No. 6 at pp. 1, 3-8). One element of Rozdilsky's discrimination and retaliation claims against LSI is that when the company gave Long a two-level promotion this was a unique and unprecedented rise for an employee, which in turn demonstrates that LSI's

decision was based on a desire to quickly change the racial demographics of its senior employees. *See id.* at pp. 3-7. Request for Production No. 15 seeks documents related to LSI's promotion policies for the relevant positions implicated by LSI's decision to fire Rozdilsky and replace him with a younger, Black employee two job levels below Rozdilsky. While LSI may argue that Long did not replace Rozdilsky, it is indefensible for LSI to claim this information is "not relevant to any of the claims or defenses in this suit." LSI cannot simply refuse to provide discoverable information related to this contested element of Rozdilsky's claim. As such, LSI should be compelled to provide responsive information to Request for Production No. 15.

Request for Production No. 16: All documents concerning Succession Plan documents for LSI executives at the Senior Director level or above from 2018 to the present.

> *LSI's response*: LSI objects to this request on the basis that it seeks information that is not relevant to any of the claims or defenses in this suit. LSI is not producing any documents in response to this request.

**Deficiencies with LSI's response to Requestion for Production No. 16:** A central element in Rozdilsky's discrimination and retaliation claims against LSI is that the company fired him and replaced him with a less qualified and less experienced Black, younger employee, Anthony Long, to appease the wishes of its largest institutional investor, Blackrock. *See* Am. Compl. TDC-22-3355 (ECF No. 6 at pp. 1, 3-8). One element of Rozdilsky's discrimination and retaliation claims against LSI is that when the company gave Long a two-level promotion this was a unique and unprecedented ascension for an employee, particularly given that Long was not named in Rozdilsky's succession plan (indeed non-Black employees other than Long were specifically named). *See id.* at pp. 3-7. Rozdilsky is unaware of LSI replacing a senior executive with another employee not named in the senior executive's succession plan. Thus, information responsive to Request for Production No. 16 is relevant to show that LSI's actions did not follow

the company's policies and that its decision was based on a desire to quickly change the racial demographics of its senior employees. *See id*. While LSI may argue that Long did not replace Rozdilsky, it is not credible for LSI to claim this information is "not relevant to any of the claims or defenses in this suit." LSI cannot simply refuse to provide discoverable information related to this contested element of Rozdilsky's claim. As such, LSI should be compelled to provide responsive information to Request for Production No. 16.

Request for Production No. 17: All documents that Rozdilsky returned to LSI via a Sharefile link on approximately February 16, 2022, as well as additional documents he provided to LSI on approximately May 18, 2022.

> *LSI's response*: LSI objects to this request on the basis that it seeks information that is not relevant to any of the claims or defenses in this suit. LSI is not producing any documents in response to this request.

**Deficiencies with LSI's response to Requestion for Production No. 17:** LSI sued Rozdilsky for allegedly misappropriating the company's trade secret and confidential information.[4] Prior to LSI filing its DTSA lawsuit against Rozdilsky, he returned the disputed documents to LSI in a Sharefile link on approximately February 16, 2022 and again on approximately May 18, 2022. *See, e.g.,* DTSA Answer/Counterclaim (ECF No. 44 at p. 14). Notably, Rozdilsky has consistently maintained that he reasonably believed the information he returned to LSI was relevant to his claims against the company, which is why he had obtained it. Request for Production No. 17 thus requests LSI to produce the documents that Rozdilsky returned to LSI to (1) establish that he did return the documents; and (2) confirm the universe and authenticity of

---

[4] This Court consolidated for purposes of discovery the DTSA (TDC-23-1653) and discrimination/retaliation cases (TDC-22-3355). Thus, whether a particular discovery request was issued under the caption of the discrimination/retaliation case versus the DTSA case is immaterial for purposes of determining whether the information sought is reasonably calculated to lead to admissible evidence.

the documents returned to LSI. In the DTSA case, the requested information is the basis for the LSI's lawsuit against Rozdilsky, and it is difficult to imagine a more relevant set of documents. Accordingly, LSI should be compelled to provide responsive information to Request for Production No. 17.

Request for Production No. 20: All documents concerning LSI's policies and procedures related to the company's data privacy and cybersecurity measures, including but not limited to employees' use of personal electronic devices to conduct company business.

> *LSI's response*: LSI objects to this request on the basis that it seeks information that is not relevant to any of the claims or defenses in this suit. LSI is not producing any documents in response to this request.

**Deficiencies with LSI's response to Requestion for Production No. 20:** In the DTSA lawsuit that LSI filed against Rozdilsky, a central element in the claim will be whether the allegedly trade secret information was subject to reasonable levels of secrecy by LSI. Based on Rozdilsky's experience working at LSI, he asserts that LSI employees and/or Board members routinely accessed and shared allegedly confidential and/or trade secret information in a manner that demonstrates the allegedly trade secret information was not kept reasonably secret by LSI. *See, e.g.,* DTSA Answer/Counterclaim (ECF No. 44 at pp. 10-11, 17). Moreover, if other LSI employees and/or Board members accessed and shared allegedly confidential or trade secret information in ways that would violate the company's confidentiality, data privacy, and/or cybersecurity measures, this information helps demonstrate that LSI singled out and retaliated against Rozdilsky by filing its DTSA lawsuit against him because of his protected activities protesting discrimination at the company. *See id.* at p. 17. Request for Production No. 20 thus requests discoverable information and LSI should be compelled to provide a full response.

Request for Production No. 22: All documents concerning Rozdilsky's Charge of Discrimination, and supplements thereof, filed with the U.S. Equal Employment Opportunity Commission.

> *LSI's response:* LSI objects to this request on the basis that it seeks information that is not relevant to any of the claims or defenses in this suit. LSI is not producing any documents in response to this request.

**Deficiencies with LSI's response to Requestion for Production No. 22:** Rozdilsky's Counterclaim against LSI in the DTSA case states that the company retaliated against him by filing the lawsuit against him because of, among other things, the EEOC charge of discrimination he filed against the company. *See* DTSA Answer/Counterclaim (ECF No. 44 at pp. 13). Thus, information about, among other things, how the company reacted and the steps it took in response to Rozdilsky's filing of the EEOC Charge of Discrimination is reasonably calculated to lead to the discovery of admissible evidence related to Rozdilsky's Counterclaim of retaliation in the DTSA lawsuit. Thus, LSI should be compelled to provide a full response to Request for Production No. 22.

Request for Production No. 23: All documents concerning Rozdilsky's declaration, which Michael Lutz filed in court on May 11, 2022 in Lutz's case against LSI.

> *LSI's response*: LSI objects to this request on the basis that it seeks information that is not relevant to any of the claims or defenses in this suit. LSI further objects to this request on the basis it seeks documents protected by the attorney-client privilege and work product doctrines. LSI is not producing any documents in response to this request.

**Deficiencies with LSI's response to Requestion for Production No. 23:** Rozdilsky's Counterclaim against LSI in the DTSA case states that the company retaliated against him by filing the lawsuit against him because of, among other things, the declaration and testimony he provided in support of a former LSI employee who was prosecuting an employment discrimination case against the company. *See* DTSA Answer/Counterclaim (ECF No. 44 at pp. 13-14). Thus, information about, among other things, how the company reacted and the steps it took in response to Rozdilsky's participation as a witness in Michael Lutz's discrimination case

11

against LSI is reasonably calculated to lead to the discovery of admissible evidence related to Rozdilsky's Counterclaim of retaliation in the DTSA lawsuit. Moreover, LSI now claims that Rozdilsky's declaration in the Lutz case contains confidential information. Yet during Lutz's case the company did not claim Rozdilsky's declaration was confidential or attempt to designate it as such, even though LSI designated as confidential other information and exhibits in Lutz's case (indeed, in the same pleading Rozdilsky's declaration was attached to). *See id.* at pp. 15-16. To the extent LSI claims that certain responsive information is protected by a privilege, it should delineate why this information is protected and provide a privilege log. *See, e.g.,* Rule 26(b)(5). Simply because some responsive information may be privileged, however, does not relieve LSI of its obligation to provide responsive non-privileged information. *See id.* Thus, Request for Production No. 23 also seeks discoverable information related to LSI's shifting positions on whether Rozdilsky's declaration contains confidential information. LSI should therefore be compelled to provide a full response to Request for Production No. 23, including all non-privileged information.

For all these reasons, Plaintiff Rozdilsky requests the Court to order LSI to provide full responses to Interrogatory Nos. 5 and 7 and Requests for Production of Documents Nos. 4, 10, 15, 16, 17, 20, 22, 23. Moreover, Rozdilsky requests that the Court impose an appropriate sanction on LSI, including but not limited to, Rozdilsky's reasonable attorney's fees and costs related to this discovery dispute.

Dated: July 26, 2024                    Respectfully submitted,

*/s/ Eric Bachman*
Eric Bachman (MD Bar No. 16325)
BACHMAN LAW
4800 Hampden Lane, Suite 200
Bethesda, MD 20814
Telephone: (202) 256-6931
Facsimile: (240) 303-8091
Email: ebachman@ebachmanlaw.com

**Counsel for Nicholas Rozdilsky**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th of July, 2024, I served a true and correct copy of Plaintiff's Memorandum in Support of the Motion to Compel Discovery on Defendant's counsel via electronic mail (as agreed to by Counsel for LSI):

Leslie Paul Machado
O'Hagan Meyer PLLC
2560 Huntington Avenue, Suite 204
Alexandria, VA 22303
Email: lmachado@ohaganmeyer.com

*Counsel for Defendant LSI*

*/s/ Eric Bachman*
Eric Bachman (MD Bar No. 16325)